## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:00CR000104-002 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SAMUEL STEPHEN EALY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Samuel Stephen Ealy, Pro Se.*

The defendant, convicted of a drug-related triple murder and sentenced to life imprisonment, has filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Federal Public Defender, upon appointment and review, declined to file a supplemental motion.[1] The government opposes the pro se motion. For the following reasons stated below, the defendant's motion will be denied.

### I.

In 2002, a jury convicted the defendant of one count of conspiracy to kill a person while working in furtherance of a continuing criminal enterprise (CCE), in violation of 21 U.S.C. §§ 846, 848(e)(1)(A); three counts of killing a person while

---

[1] The Federal Public Defender did file a typed copy of the defendant's hand-written pro se motion and copies of the defendant's Bureau of Prisons (BOP) medical records.

working in furtherance of a CCE, in violation of 21 U.S.C. § 848(e)(1)(A); and three counts of killing a person with intent to prevent the person from communicating crimes to a federal law enforcement agent, in violation of 18 U.S.C. § 1512(a)(1)(C), all arising from Ealy's involvement in the 1989 murders of three individuals. The court sentenced Ealy to life in prison on each count to run concurrently. Ealy appealed, and the judgment was affirmed by the court of appeals. *United States v. Ealy*, 363 F.3d 292 (4th Cir.), *cert. denied*, 543 U.S. 862 (2004). He is currently serving his life sentences at USP Canaan.

On July 5, 2022, Ealy filed the present motion for compassionate release, asking that the court modify his sentence because his underlying health conditions place him at a heightened risk of adverse health effects from the COVID-19 virus and arguing that his conviction was erroneous under the Supreme Court's holding in *Fowler v. United States*, 563 U.S. 668 (2011). Ealy also contends that the 18 U.S.C. § 3553(a) factors support a reduction.

The government responded, arguing that Ealy cannot establish extraordinary and compelling circumstances for sentence reduction and that the § 3553(a) factors weigh against release.[2]

Ealy filed a reply outside of the time permitted, which I have nevertheless considered. In the reply, Ealy contends that the government's assertion that he

---

[2] The government concedes that Ealy exhausted his administrative remedies.

refused the COVID-19 vaccine is false.  He also states that he suffers from long-haul COVID-19 symptoms and that his complaints about such symptoms have been ignored.  Moreover, he reiterates his contention that *Fowler* constitutes a change in the law that amounts to an extraordinary and compelling reason justifying release. Finally, he argues that his age at the time of the underlying offenses, his psychiatric history, and the fact that he was acquitted of state murder charges warrant a reduction. The matter is now ripe for decision.

## II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018.  The Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason shown by the defendant.  *Id.* at 284, 286.

### A.    COVID-19 RISKS.

Courts have found extraordinary and compelling reasons to exist when an inmate shows particular susceptibility to COVID-19 and a particularized risk of

contracting the virus in his facility. *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021).

Ealy contends that he has multiple heath conditions that increase his risk of serious illness or death should he contract COVID-19, including but not limited to, Hepatitis C, anxiety, hypertension, and immunodeficiency virus. While Ealy's BOP medical records show he has tested negative for human immunodeficiency virus, they do support his contention that he has Hepatitis C, anxiety, and numerous other ailments. The record also indicates that Ealy is overweight and nearly obese with a BMI of 29.8[3] and that he has liver disease. Liver disease, mental health conditions, and being overweight or obese increase the risks associated with COVID-19. *Covid-19: People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people -with-medical-conditions.html (last visited Feb. 21, 2023).

Nevertheless, the record also shows Ealy contracted and recovered from the virus in both 2021 and 2022. It appears he was asymptomatic both times he had tested positive. Moreover, USP Canaan is currently at "Level 1 Operations," indicating that the facility has a medical isolation rate of less than two percent and

---

[3] A BMI of 30.0 or higher falls within the obese range, while a BMI of 25.0 to 29.9 is falls within the overweight range. *Assessing Your Weight*, Centers for Disease Control and Prevention, https://www.cdc.gov/healthyweight/assessing/index.html (last visited Feb. 21, 2023).

that its community transmission rate is less than 100 per 100,000 over the last 7 days. *USP Canaan*, Federal Bureau of Prisons, https://www.bop.gov/locations/ institutions/caa/ (last visited Feb. 21, 2023). Currently, there are no active staff cases of the virus, and no active inmate cases. *Covid-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 21, 2023). Moreover, of the 1,368 inmates at USP Canaan,[4] 1,305 inmates have been vaccinated against the virus. *Covid-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 21, 2023). Thus, although there is some risk that Ealy could again contract the virus in his facility, he has not shown that that risk is high, especially considering the measures BOP has instituted to contain the spread within prisons and his prior infections. *United States v. Lottier*, No. 7:16-cr-00030, 2021 WL 2188243, at *4 (W.D. Va. May 28, 2021) (finding that a high interfacility vaccination rate meant a defendant was living among a more vaccinated population in prison than he would be outside prison and concluding that the defendant did not have a particularized risk of contracting the virus at his facility). Furthermore, Ealy offers no evidence regarding his long-haul COVID-19 symptoms he now alleges in his reply, nor does his history of mental health issues,

---

[4] USP Canaan, Federal Bureau of Prisons, https://www.bop.gov/locations/ institutions/caa/ (last visited Feb. 21, 2023).

namely depression and anxiety, amount to an extraordinary and compelling reason warranting a sentence reduction.

Finally, although Ealy states in his motion that he is vaccinated, Def.'s Mot. 5, ECF No. 1374, and contends in his reply that the government's allegations about his vaccination status are false, his medical records indicate he refused the vaccine.[5] BOP Medical Records 191, 222, ECF No. 1386.  Such refusal "undermines his contention that possible exposure to the pandemic justifies compassionate release." *United States v. Muse*, No. 7:17-cr-00011, 2021 WL 2346021, at *2 (W.D. Va. June 8, 2021).  And there is no indication that his refusal was due to any recognized contraindications for the vaccine.  *Contraindications and Precautions*, Centers for Disease Control and Prevention, https://www.cdc.gov/vaccines/covid-19/clinical-considerations/interim-considerations-us.html#contraindications (last visited Feb. 21, 2023).  Although Ealy is certainly entitled to refuse the vaccine, "the refusal to take preventive measures addressing the concern at the heart of his motion is not consistent with a sentence reduction." *Muse*, 2021 WL 2346021, at *2.

---

[5]  In his reply, Ealy purports to submit evidence showing the "true facts" about his vaccination status.  Def.'s Reply 3, ECF No. 1390.  No additional evidence has been submitted.

B.   THE SUPREME COURT'S *FOWLER* DECISION.

Ealy also asserts that the "change in the law" precipitated by *Fowler v. United States*, 563 U.S. 668 (2011), is an extraordinary and compelling reason for reduction. Def.'s Mot. 12, ECF No. 1374.  I disagree.

In *Fowler*, the Supreme Court held that to convict under the federal witness tampering statute, 18 U.S.C. § 1512(a)(1)(C), when the defendant did not have particular federal law enforcement officers in mind, the government must show "*a reasonable likelihood* that, had, *e.g.*, the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer."  563 U.S. at 677.  Ealy maintains that the government did not prove this element because it was not required at the time of his conviction.

Ealy's *Fowler* argument is more akin to a collateral challenge to his conviction than it is to the non-retroactive change in sentencing law that may constitute a ground for compassionate release under *McCoy*.  981 F.3d at 275–77.  And the Fourth Circuit has recently held that a defendant may not attack his conviction or sentence through a compassionate release motion, but instead must comply with the requirements of the "exclusive remedy" provided by 28 U.S.C. § 2255.  *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022); *United States v. Daidone*, No. 02 Cr 1584 (RMB), 2022 WL 443778, at *3 (S.D.N.Y. Feb. 14, 2022).  Nor is Ealy's reliance on *Concepcion v. United States*, 142 S. Ct. 2389, 2403 (2022), holding that

"district courts [may] consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act," persuasive.

In any event, Ealy was sentenced to concurrent life sentences for other offenses that are not implicated by the Supreme Court's holding in *Fowler*. Ealy cannot establish extraordinary and compelling reasons justifying reduction.

C.      § 3553(a) FACTORS.

Finally, even if I were to find that Ealy's heath conditions or other circumstances could be deemed extraordinary and compelling, I must also consider the applicable § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to avoid unwarranted sentence disparities; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *High*, 997 F.3d at 186 (citing § 3553(a)).

Ealy highlights that he has served twenty-two years of his sentence and argues that a reduction would result in a sentence that would be sufficient to achieve the goals of sentencing in his case. He points to evidence in the record indicating that the BOP has deemed him as having a low recidivism risk. He contends that he has no disciplinary incidents while incarcerated, that he has satisfactorily completed programming, and he asserts that he plans to reside with his wife and children upon

release and would have employment opportunities available to him.  He also argues that he was young and immature when the underlying offenses occurred.

I find that the § 3553(a) factors counsel against reduction.  Several witnesses testified at trial that Ealy had confessed to being involved in the murders. Presentence Investigation Report (PSR) ¶ 5, ECF No. 1378.  Yet he now seemingly denies his involvement: "Petitioner contends that 'from his point of view,' in the end, he did not receive due process or due justice because he stands wrongfully convicted of a crime he did not commit," Def.'s Mot. 15–16, ECF No. 1374, which suggests he has not been adequately deterred and demonstrates a continued need for the sentence to promote respect for the law and provide just punishment.

Moreover, Ealy was not a juvenile when he committed the crimes — he was in his mid-twenties in 1989. He was not convicted and sentenced until 2002, so he has only served a relatively small portion of his lifetime sentence.  And although his criminal history does not include violent offenses, he does have numerous other criminal convictions dating back to 1986.  PSR ¶¶ 9–20, ECF No. 1378.

Furthermore, Ealy's sentence results from particularly egregious, violent offenses, stemming from the shotgun murders of a husband and wife and their fourteen-year-old disabled child, based on the suspicion that the husband had become a government witness to a drug conspiracy. Although the BOP Recidivism Risk Assessment shows him as being a low risk, that same document suggests that

his offenses were non-violent, Def.'s Mot. Ex. 5, ECF No. 1374-5, which is in contradiction with the true nature of his offenses.  Moreover, the document appears to show that as of January 2022, he has only completed four prison programs, which does not indicate that Ealy's so called "satisfactory program[m]ing,"  Def.'s Mot. 11, ECF No. 1374, rises to the level of "mitigating evidence" demonstrating "marked rehabilitation."  *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019).  Thus, while I acknowledge Ealy's good behavior while in prison and agree that I should consider a defendant's rehabilitation, given all the relevant § 3553(a) factors, including but not limited to the need to reflect the seriousness of his crimes, I find that a reduction is not warranted in this case.[6]

III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 1374, is DENIED.

ENTER:  February 23, 2023

/s/  JAMES P. JONES
Senior United States District Judge

---

[6]  Ealy also contends that his acquittal in state court of these murders is an extraordinary and compelling reason for relief.  While it may be in theory, in this case the evidence was substantially stronger than that presented in state court.  Significant incriminating evidence was presented here that had been excluded by the state judge relating to the warrantless search the day after the murders of an auto repair garage.  This court did not suppress that evidence, finding that Ealy did not have an expectation of privacy in this commercial building open to the public.  *United States v. Ealy*, 163 F. Supp. 2d 633, 637–38 (W.D. Va. 2001), *aff'd*, 363 F.3d at 297 n.3.  Under those circumstances, I find this ground without merit.