CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
January 06, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:00CR00104-002 |
| v. ) | **OPINION** |
| ) | |
| **SAMUEL STEPHEN EALY,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Samuel Stephen Ealy, Pro Se Defendant.*

The defendant, previously sentenced by this court, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Ealy is challenging the validity of his confinement pursuant to a judgment of this court. Upon consideration of the § 2255 motion and the record, I conclude that the action must be summarily dismissed as untimely filed.[1]

I.

In 2002, Ealy was convicted of one count of conspiracy to kill a person while working in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. §§ 846 and 848(e)(1)(A); three counts of killing a person while working in

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the defendant's submissions and the record of prior court proceedings that he is not entitled to relief.

furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A); and three counts of killing a person with intent to prevent the person from communicating crimes to a federal law enforcement agent, in violation of 18 U.S.C. § 1512(a)(1)(C). Ealy was sentenced to terms of life in prison to run concurrently on each count. He appealed his sentence, and the court of appeals affirmed the judgment. *United States v. Ealy*, 363 F.3d 292 (4th Cir. 2004). Ealy petitioned the Supreme Court for a writ of certiorari, which was denied. 543 U.S. 862 (2004).

Ealy signed and dated his § 2255 motion on August 17, 2025. He alleges that prosecutors violated the Full Faith and Credit Clause of the U.S. Constitution by trying him for murder at both the state and federal level; that he is actually innocent of the crimes for which he was convicted; that the Ex Post Facto Clause was violated when he was charged and sentenced under an amendment to 21 U.S.C. § 848(e); that he was denied due process and a fair trial because the jury did not received an alibi defense instruction; that counsel provided ineffective assistance both at the trial level and during his appeal; and that he was subjected to double jeopardy because he was tried twice on the same facts.

On August 27, 2025, I notified Ealy that his motion appeared to be untimely under § 2255(f) and granted him 30 days to submit any additional argument and/or evidence on the issue of the timeliness of his § 2255 Motion or reasons his claims

should be considered on the merits. Ealy timely responded and his § 2255 motion is now ripe for decision.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of calculations under § 2255(f)(1), a judgment becomes final when the Supreme Court affirms a conviction on the merits or denies a petition for a writ of certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003). If the district court gives the defendant notice that the § 2255 motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the court may summarily dismiss the motion. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

The Supreme Court denied Ealy's petition for a writ of certiorari on October 4, 2004. He then had one year — until October 3, 2005 — to file a timely § 2255 motion. Ealy filed this § 2255 motion, at the earliest, on August 17, 2025, nearly twenty years after his judgment became final for purposes of § 2255(f).[2] Ealy argues that the expiration of the statute of limitations should be excused because he is entitled to equitable tolling and is actually innocent of the offenses for which he was convicted.

Equitable tolling is available only in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To warrant equitable tolling, the defendant must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that

---

[2] A prisoner's § 2255 motion is considered filed on the date he delivered the document to prison officials for mailing, rather than the date on which the district court received it. *United States v. Burl*, 81 F. App'x 443, 443 (4th Cir. 2003) (unpublished). For purposes of this Opinion, I will assume that Ealy delivered his § 2255 motion to prison officials for mailing on the day that he dated and signed the motion.

prevented him from filing on time." *Rouse v. Lee,* 339 F.3d. 238, 246 (4th Cir. 2003) (en banc). First, Ealy has not demonstrated that he has been pursuing his rights diligently because he has first filed this motion two decades after he received a final judgment. Second, he has not provided facts to show that an extraordinary circumstance prevented him from raising these claims in a timely § 2255 petition.

Further, Ealy has not made a showing of his actual innocence in order to circumvent the statute of limitations. When a § 2255 petition is untimely, a "convincing showing" of actual innocence can provide a gateway to review outside the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In this case, however, significant evidence supported Ealy's convictions, and he cites to no new evidence to the contrary. Notably, shortly after the three charged murders occurred, investigators found a blood-stained vehicle whose paint color matched the light blue paint marks left at the scene of the crime. The car was traced to Ealy, and DNA testing later revealed that the blood matched one of the murder victims. In Ealy's initial trial in state court, the state court judge suppressed the

evidence concerning the vehicle, and Ealy was acquitted. Due to Ealy's expressed and errant belief that he could not be again prosecuted for the murders, Ealy had confessed to others after the acquittal. Additionally, the spent 12-gauge shotgun shell casings found at the scene were fired from a shotgun similar to the one Ely took from his brother shortly before the murders. *Ealy*, 363 F.3d at 295.

During Ealy's subsequent federal prosecution, I declined to suppress the evidence regarding the vehicle, finding that Ealy did not have a legitimate expectation of privacy in the garage where the vehicle was found. *United States v. Ealy*, 163 F. Supp. 2d 633, 638 (W.D. Va. 2001). Ealy was ultimately convicted and the jury elected against the death penalty.

In conclusion, Ealy failed to file his § 2255 motion within one year of the date on which the criminal judgment became final, and he shows no other basis for finding his motion to be timely filed under § 2255(f) or to be considered on the merits for equitable reasons. Accordingly, I will summarily dismiss his § 2255 motion as untimely filed.

A separate Final Order will be entered herewith.

DATED: January 6, 2026

/s/ JAMES P. JONES
Senior United States District Judge